Per Curiam.

Basically petitioner’s argument is that the killing of Rudolph Kordis constituted but one transaction, and that the conviction and sentencing on two counts therefor constituted double jeopardy.
The plea of double jeopardy is a matter of defense which must be raised in the trial court and pursued by way of appeal. Double jeopardy does not go to the jurisdiction of the trial court and, therefore, is not a ground for relief by habeas corpus. Vertz v. Sacks, Warden, 173 Ohio St., 459; Weaver v. Sacks, Warden, 173 Ohio St., 415; and Maloney v. Maxwell, Warden, 174 Ohio St., 84.
*40 In any event, petitioner is not entitled to release in habeas corpus. Even conceding that the sentence on one count would be void on the grounds alleged by petitioner, he is still properly incarcerated on his sentence on the other count and, therefore, is not entitled to release in habeas corpus. Page v. Green, Supt., 174 Ohio St., 178.

Petitioner remanded to custody.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.